UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CARLOS ENRIQUE ROA SANCHEZ,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.

_____/

Case No. 1:26-cv-1156

Hon. Hala Y. Jarbou

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.12.) In an order entered on April 10, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF

No. 3.) Respondents filed their response on April 14, 2026, (ECF No. 4), and Petitioner filed his reply on April 17, 2026, (ECF No. 5).

## II.    Factual Background

Petitioner is a native and citizen of Venezuela. (Notice to Appear (NTA), ECF No. 4-1, PageID.71.) Petitioner entered the United States on or about June 8, 2023, at or near Eagle Pass, Texas, without inspection. (*Id.*) After Petitioner entered the United States, Department of Homeland Security (DHS) agents encountered Petitioner, and at that time, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who entered into the United States at any time or place other than as designated by the Secretary of the Department of Homeland Security." (*Id.*; 2023 Form I-213, ECF No. 4-2, PageID.77.) DHS then released Petitioner into the United States on his own recognizance "[i]n accordance with section 236 of the [INA]," which is codified at 8 U.S.C. § 1226. (Order Release Recognizance, ECF No. 4-4, PageID.83.)

On February 16, 2026, ICE agents encountered and arrested Petitioner. (2026 Form I-213, ECF No. 4-5, PageID.87.) On March 26, 2026, the Detroit Immigration Court entered an order denying Petitioner's request for a custody redetermination hearing because it lacked jurisdiction over that request. (Mar. 2026 Order Immigration Judge, ECF No. 4-7, PageID.94.)

On April 3, 2026, Katherine Rodriguez Lujano filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on behalf of Petitioner as his next friend. Pet., *Rodriguez Lujano v. Unknown Party #1*, 1:26-cv-1102 (W.D. Mich. Apr. 3, 2026), (ECF No 1). In *Rodriguez Lujano*, the Court conditionally granted the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the

2

alternative, immediately release Petitioner from custody. Op. & J., *Rodriguez Lujano*, (W.D. Mich. Apr. 21, 2026), (ECF Nos. 5, 6).

On April 27, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Status Report, *Rodriguez Lujano*, (W.D. Mich. Apr. 28, 2026), (ECF No. 8.) At the conclusion of the April 27, 2026, hearing, the Immigration Judge granted Petitioner's request for a custody redetermination and ordered that Petitioner be released on his own recognizance. Apr. 2026 Order Immigration Judge, *Rodriguez Lujano*, (W.D. Mich. Apr. 28, 2026), (ECF No. 8-1).

## III.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy— 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

**IV.     Discussion**

In Petitioner's § 2241 petition, he contends that Respondents are subjecting him to mandatory detention under § 1225, and Petitioner requests that the Court enter an order directing Respondents to release Petitioner from custody unless Respondents provide Petitioner with a bond hearing under 8 U.S.C. § 1226. (Pet., ECF No. 1, PageID.12.)

Since Petitioner submitted the present § 2241 petition, he received a bond hearing in the Detroit Immigration Court pursuant to 8 U.S.C. § 1226, at which time the Immigration Judge ordered that Petitioner be released on his own recognizance. Apr. 2026 Order Immigration Judge, *Rodriguez Lujano*, (W.D. Mich. Apr. 28, 2026), (ECF No. 8-1). Accordingly, because Petitioner received a bond hearing in the Detroit Immigration Court and the Immigration Judge ordered that Respondents release Petitioner, which was the relief Petitioner sought in the instant § 2241 petition, the Court will dismiss the action without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: May 5, 2026                                    /s/ Hala Y. Jarbou
                                                            HALA Y. JARBOU
                                                            CHIEF UNITED STATES DISTRICT JUDGE